UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VINCENT PATRICK KELLY<br>a/k/a VICTORIA KELLY,<br>Plaintiff,<br><br>v.<br><br>BIANCA YBARRA,<br>Defendant. | Case No. 24-10828<br>Honorable Shalina D. Kumar<br>Magistrate Judge Patricia T. Morris |

**OPINION AND ORDER OVERRULING DEFENDANTS' OBJECTIONS (ECF NO. 55), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 53), GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL (ECF NO. 47), AND DENYING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND AS MOOT (ECF NOS. 31, 44)**

## I. Introduction

Plaintiff Vincent Patrick Kelley, a/k/a Victoria Kelly[1] ("Kelly"), a prisoner under Michigan Department of Corrections' jurisdiction, initiated this civil action under 42 U.S.C. § 1983 against defendant Bianca Ybarra ("Ybarra") for violations of her constitutional rights, and alleges retaliation

[1] In her complaint, Kelly states that she is a "Trans-Woman" and refers to herself using feminine pronouns, *e.g.,* she/her. ECF No. 1, PageID.1–2. Therefore, the undersigned will use feminine pronouns when referring to Kelly.

and targeted harassment motivated by her gender identity and expression. ECF No. 1. This case was referred to the Honorable Patricia T. Morris for all pretrial purposes. ECF No. 12.

Ybarra filed a motion to dismiss, and Kelly filed a motion for leave to file an amended complaint and a motion for voluntary dismissal. ECF Nos. 31, 44, 47. On June 29, 2026, Judge Morris issued a Report and Recommendation (R&R). ECF No. 53. The R&R recommends that the Court grant Kelly's motion for voluntary dismissal without prejudice and deny her motion for leave to amend and Ybarra's motion to dismiss as moot. *Id.* Ybarra filed timely objections to the R&R, and Kelly filed a response. ECF Nos. 55, 56.

## II. Analysis

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P.

72(b)(3). *De novo* review requires at least a review of the evidence before the magistrate judge; the Court may not act solely based on a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues…that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are

effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrate's Act." *Id*. A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. When an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.,* 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**B. Discussion**

Ybarra has filed three objections to the R&R. *See* ECF No. 55. The Court will address each in turn.

i. *Objection 1*

Ybarra first objects to the R&R's recommendation to grant Kelly's motion to dismiss without prejudice because "it fails to take into account the unfair prejudice and colossal waste of state and federal resources this

places on [d]efendant and the Court." *Id.* at PageID.531. First, Judge Morris addressed the potential for prejudice to the defendant. *See* ECF No. 53, PageID.519–24. Second, Ybarra failed to present this precise argument to Judge Morris. ECF No. 51, PageID.459–64. Accordingly, Ybarra's first objection is overruled. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[T]he Magistrate Judge Act[] . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")

ii. *Objection 2*

Ybarra next objects to the R&R's analysis underlying its recommendation to grant Kelly's motion to dismiss. Specifically, Ybarra objects "to the finding in the R&R that the factors courts generally consider in deciding motions to voluntarily dismiss weigh in favor of granting Plaintiff's motion." ECF No. 55, PageID.533. This objection, however, simply restates Ybarra's previous arguments made in her opposition to

Kelly's motion for voluntary dismissal. *Compare* ECF No. 51, PageID.459–64, *with* ECF No. 55, PageID.533–38. For this reason, the Court overrules this objection. *See Aldrich*, 327 F. Supp. 2d at 747.

iii. *Objection 3*

Ybarra lastly objects to the R&R not punishing Plaintiff for violating the local rules. ECF No. 55, PageID.538–39. But, as explicitly recognized by Ybarra, she already made this exact argument before (ECF No. 55, PageID.539) and recycles it here. Thus, the Court overrules this objection. *See Aldrich*, 327 F. Supp. 2d at 747.

## III. Conclusion

Neither party filed objections to the remaining recommendations in the R&R, and the time to do so has passed. *See* Fed. R. Civ. P. 72(b)(2). In general, failure to file a timely objection to an R&R constitutes a waiver of the right for further judicial review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusion, under a *de novo* or any other standard, when neither party objects to those findings"); *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373–74 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); *Lardie*

*v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the part of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. *See* Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court, having reviewed the R&R's remaining recommendations in conjunction with the record, finds no clear error.

Accordingly, the Court **OVERRULES** the Defendant's objections (ECF No. 55) and **ADOPTS** the R&R (ECF No. 53) as the findings and conclusions of the Court. The Court therefore **GRANTS** Plaintiff's motion to voluntarily dismiss (ECF No. 47) and **DISMISSES WITHOUT PREJUDICE** all claims and all defendants. The Court also **DENIES AS MOOT** the Plaintiff's motion for leave to file an amended complaint (ECF No. 44) and the Defendant's motion to dismiss (ECF No. 31). This case is now closed.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: August 17, 2026